943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jay O'LOUGHLIN, Plaintiff-Appellant,
v.
Alan L. WALTER, Lt. Jurgensen, James Blodgett,
Superintendent, Defendants-Appellees.
 No. 90-35899.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 9, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jay O'Loughlin appeals pro se from the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action as frivolous. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and we affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint is frivolous if it lacks an arguable basis in law or in fact. Id. In civil rights cases where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). If the plaintiff has an arguable claim, he is entitled to issuance and service of process. Jackson, 885 F.2d at 640 (citing Neitzke, 490 U.S. at 329-30).
 
 
 4
 O'Loughlin alleges that his prison counselor denied him access to the courts when he refused to photocopy a newspaper article on the ground that O'Loughlin could retype any portions he wanted to cite in a lawsuit. If a prisoner's claims do not involve denial of access to adequate law libraries or adequate assistance from persons trained in the law, the prisoner must demonstrate actual injury, or a "specific instance in which [he] ... was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). The district court properly determined that the refusal to photocopy the article did not constitute denial of access to the courts. See id. at 1171-72.
 
 
 5
 O'Loughlin next alleges that there was insufficient evidence to support findings by a prison disciplinary committee that he had lied to a staff member.
 
 
 6
 In the context of prison disciplinary proceedings, the requirements of due process are satisfied if there is "some evidence" to support the findings of the prison disciplinary committees. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989). The relevant inquiry is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 1270 (quotation omitted).
 
 
 7
 O'Loughlin concedes that he erroneously accused his prison counselor of refusing to submit his parole plans. He argues, however, that he was only mistaken and should not have been punished for lying. Because it is clear from the face of O'Loughlin's complaint that there was "some evidence" supporting the disciplinary board's findings, see id. at 1269-70, the district court properly determined that the claim was frivolous, see Neitzke, 490 U.S. at 325.
 
 
 8
 Finally, O'Loughlin asserts that the disciplinary action was taken against him because he had written a letter to the governor of the state of Washington complaining about his counselor's conduct. Nevertheless, O'Loughlin admits that he erroneously accused his prison counselor of refusing to submit his parole plans, and it is clear from the face of his complaint that he was disciplined for this erroneous accusation. The district court properly dismissed the claim as frivolous. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3