958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lewis L. BONIFACE, Plaintiff-Appellant,
v.
Kathy Jo SMITH, individually & FCI, Lynn Scott, individually
& FCI aka Carla Lynn Scott, Dyan Griffin, individually &
FCI, David B. Branchney, individually & FCI, Rick Stiff,
individually & FCI, Defendants-Appellees.
 No. 88-2706.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 17, 1992.
 
 Before BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lewis L. Boniface, a federal prisoner, appeals pro se the district court's dismissal pursuant to 28 U.S.C. § 1915(d) of his civil rights action against various employees of the United States Bureau of Prisons. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and we affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Jackson, 885 F.2d at 640.
 
 
 4
 Boniface contends that his punishment for a disciplinary infraction was improper because the disciplinary committee relied on evidence allegedly obtained in violation of Bureau of Prison Policy statements. Specifically, he contends that (1) a prison official who investigated the incident should have been disqualified because the official was personally involved and (2) prison officials submitted memoranda to the disciplinary committee that contained false information. The results of the investigation and the memoranda were used by the disciplinary committee, which found Boniface guilty of violating prison inmate property rules.
 
 
 5
 In the context of prison disciplinary proceedings, the requirements of due process are satisfied if there is "some evidence" to support the findings of the prison disciplinary committee. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989). The relevant inquiry is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 1270 (quotation omitted); see also 28 C.F.R. §§ 541.10, 541.13, 541.17, 541.19-.20 (Federal Bureau of Prison Regulations governing disciplinary action).
 
 
 6
 It is clear from the face of Boniface's complaint and the attached exhibits that there is some evidence supporting the disciplinary committee's findings. See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.) (documents attached to complaint are part of the complaint and may be considered when evaluating the complaint), cert. denied, 484 U.S. 944 (1987). Boniface possessed four floppy disks in violation of prison inmate person property rules, which do not permit inmate retention of floppy disks. At the hearing, Boniface responded to the evidence against him and presented his version of the situation. He cannot challenge the committee's decision based on its failure to believe his justification for possessing the illegal floppy discs. Moreover, it also is clear from the face of Boniface's complaint that the investigating officer's only contact with the incident was in his capacity as investigator. Therefore, even if Bureau of Policy regulations contain mandatory language creating a protected liberty interest in having an investigator who is not involved in the investigated incident, which we do not decide, Boniface's claim is frivolous. See Olim v. Wakinekona, 461 U.S. 238, 244-46, 249 (1983) (discussing how protected liberty interests are created); see also Vitek v. Jones, 445 U.S. 480, 496 (1980) (although an impartial decisionmaker is a fundamental requirement of due process, decisionmaker need not be an uninvolved person from outside the institution involved in the dispute).
 
 
 7
 We also reject Boniface's claim that the above actions by the prison officials violated the eighth amendment. See Wilson v. Seiter, 111 S.Ct. 2321, 2326-28 (1991).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3