967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.D. (Gerald) ENQUIST, Plaintiff-Appellant,
v.
Neal BROWN; Kathy Kaatz; R.J. Nannie, Defendants-Appellees.
 No. 91-35689.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 3, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 J.D. Enquist, a Washington state prisoner, appeals pro se the district court's grant of summary judgment in favor of the appellees in Enquist's 42 U.S.C. § 1983 action. We review de novo, Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986), and we affirm.
 
 
 3
 Enquist contends that he was denied due process in a prison disciplinary hearing because the prison hearing officer violated Washington state administrative regulations. This contention lacks merit.
 
 
 4
 In the context of prison disciplinary proceedings, the requirements of due process are satisfied if there is "some evidence" to support the findings of the prison disciplinary officer. Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir.1989) (citations omitted). The relevant inquiry is " 'whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.' " Id. at 1270 (quoting Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985)). Moreover, "state created 'procedural requirements even if mandatory, do not raise a constitutionally cognizable liberty interest.' " Bonner v. Lewis, 857 F.2d 559, 564 (9th Cir.1988) (quoting Toussaint v. McCarthy, 801 F.2d 1080, 1094 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987)).
 
 
 5
 Here, the disciplinary hearing officer violated Wash.Admin.Code §§ 137-28-090(9) and 137-28-093(2) by (1) considering the unwritten testimony of someone outside of the prison, and (2) relying on evidence not presented in the hearing. Nevertheless, because the record contained additional evidence that supported the hearing officer's conclusion, Enquist was not denied due process. See Bostic, 884 F.2d at 1269-70. Finally, because Wash.Admin.Code §§ 137-28-090(9) and 137-28-093(2) are state-created procedural requirements, they do not create a constitutionally protected liberty interest. See Bonner, 857 F.2d at 564.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3