978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack Lloyd MORRIS, Plaintiff-Appellant,
v.
Daniel VASQUEZ, Defendant-Appellee.
 No. 88-2573.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1982.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack Lloyd Morris, a California state prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(d).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, see Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 In May 1987, prison officials charged Morris with a disciplinary violation for stabbing another inmate. Morris received written notice of the charges and an investigative officer was assigned to aid him. A disciplinary hearing was held at which Morris had an opportunity to call witnesses and present documentary evidence. After the hearing, Morris was found guilty and received two years in the security housing unit. The decision was upheld through three levels of administrative review.
 
 
 4
 Morris contends his due process rights were violated because the evidence presented at the hearing was false. He alleges the corrections officers who reported the incident originally stated the fight took place in one yard and later were allowed to change their statements to report the fight took place in a different yard. In addition, Morris alleges the investigative officer failed to obtain the "yard sheet" as Morris requested.
 
 
 5
 "[T]here need only be 'some evidence' supporting the findings by a prison disciplinary committee in order to satisfy due process." Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir.1989) (citing Superintendent v. Hill, 472 U.S. 445, 454 (1985)). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56.
 
 
 6
 In this case, there appears to have been some confusion over which yard the stabbing occurred in. Moreover, it is not clear whether the "yard sheet" was considered by prison officials. Nevertheless, the record contains evidence that Morris was involved in a fight with the inmate who was stabbed and that Morris had been attacking the inmate's head and shoulders. The inmate was stabbed in the jaw and upper chest. A homemade knife was found near the scene of the altercation. Because this evidence supports the finding of guilt, Morris was not deprived of his right to due process. See Hill, 472 U.S. at 455-56; Bostic, 884 F.2d at 1269-70. Accordingly, the district court did not abuse its discretion by dismissing Morris's complaint as frivolous. See Hernandez, 112 S.Ct. at 1734.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Morris's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed the complaint with prejudice before issuing and serving process upon the defendant. We therefore construe the dismissal as one under section 1915(d). Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)