981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin Dean LIBHART, Petitioner-Appellant,
v.
Joseph CRABTREE, Warden, F.C.I. Sheridan, et al. Respondent-Appellee.
 No. 92-35313.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1992.*
Decided Dec. 17, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Libhart is a federal prisoner who was disciplined for committing a prohibited act in prison ("Fighting with Another Person"). Libhart petitioned for a writ of habeas corpus, arguing that his punishment violated the Due Process Clause because his involvement in the fight was limited to self defense. The district court denied the petition and Libhart appeals. We affirm.
 
 
 3
 On February 16, 1991, Libhart was involved in an altercation with another prisoner named Peters. According to both Libhart and a prison employee who was an eyewitness, Peters struck Libhart first, butting Libhart's face with his forehead. Libhart responded by slapping Peters in the face with his open hand.
 
 
 4
 On March 6, 1991, a hearing was held by a Discipline Hearing Officer (DHO). In his report the DHO acknowledged that Libhart did not strike the first blow and stated the following:
 
 
 5
 Your claim that you were just protecting yourself was considered; however, your striking inmate Peters clearly went beyond being solely defensive. The statements made by [the eyewitness prison employee] concerning the observations of your witnesses and your positive institutional adjustment were considered; however, this evidence neither justifies nor diminishes your responsibility to not involve yourself in ... physical confrontations.
 
 
 6
 The DHO concluded that Libhart had committed the prohibited act of "Fighting with Another Person" and imposed sanctions, including the forfeiture of fifteen days of "Statutory Good Time."[1] Libhart appealed this decision to the regional office and then to the central office of the Federal Bureau of Prisons. Both appeals were denied.
 
 
 7
 Under 18 U.S.C. § 4161, a federal prisoner has the right to have his sentence reduced for good conduct in prison. This right is a protected liberty interest, and any deprivation must comport with due process requirements. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989). A habeas action pursuant to 28 U.S.C. § 2241 is available to raise due process claims based on the forfeiture of good time credits. Id.
 
 
 8
 In Superintendent v. Hill, 472 U.S. 445, 455 (1985), the Court held that due process is not violated if "some evidence" supports a prison disciplinary board's revocation of statutory good time credits. The Court explained the "some evidence" standard as follows:
 
 
 9
 Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.
 
 
 10
 Id. at 455-56 (emphasis added). In Hill, the Court approved the discipline of an inmate for assault, even though it characterized the evidence implicating the inmate as "meager." Id. at 457.
 
 
 11
 In this case, Libhart argues that his due process rights were violated because no evidence was presented at the hearing to refute his claim that he acted in self defense. We disagree. Libhart's admission that he struck Peters in the face is itself "some evidence" supporting the DHO's finding that Libhart used more force than necessary to protect himself. The DHO could reasonably have concluded that Libhart had the opportunity either to walk away from Peters or simply to block Peters' blow, and that by instead returning the blow, Libhart was engaged in "fighting."
 
 
 12
 Although Libhart does not argue on appeal that he did not receive the procedural due process protections required by Wolff v. McDonnell, 418 U.S. 539 (1974), we note that the required protections were provided. Libhart was given advance written notice of the charges, he had an opportunity to present evidence in his defense, and he received a written statement summarizing the reasons for the DHO's decision. See id. at 563-67.
 
 
 13
 The district court properly denied Libhart's petition for a writ of habeas corpus.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 According to the appellee, Inmate Peters was also found guilty of "Fighting with Another Person" and received more severe sanctions than Libhart because Peters had started the fight