Leeroy B. BOSTIC, Jr.,
Petitioner/Appellant,

v.

Peter CARLSON, Warden,
Respondent/Appellee.

Nos. 88–1804 to 88–1812 and 88–1814.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 1988.*

Decided Sept. 7, 1989.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

LeeRoy B. Bostic, Jr., Phoenix, Ariz., in pro per.

No appearance for respondent-appellee.

Before GOODWIN, Chief Judge, ALARCON and NELSON, Circuit Judges.

NELSON, Circuit Judge:

*Overview:*

In this consolidated appeal, LeeRoy B. Bostic, Jr., appeals pro se the denial of his petitions for habeas corpus pursuant to 28

U.S.C. sec. 2241(c). We find the claims to be without merit and affirm the district court's dismissals. We discuss them *ad seriatim* below.

*Standard of Review:*

We review *de novo* the district court's dismissal of a petition for writ of habeas corpus. *See, e.g., Zimmerlee v. Keeney,* 831 F.2d 183, 185 (9th Cir.), *cert. denied,* — U.S. ——, 108 S.Ct. 2851, 101 L.Ed.2d 888 (1987). We also review *de novo* the district court's legal conclusion that some evidence in the record supports the disciplinary committee's findings. *Id.; Cato v. Rushen,* 824 F.2d 703, 705 (9th Cir.1987). We defer to the disciplinary committee's factual findings unless they are clearly unsupported. *See, e.g., Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir.), *cert. denied,* 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1981). The voluntariness of a guilty plea is a question of law not subject to deferential review. *Iaea v. Sunn,* 800 F.2d 861, 864 (9th Cir.1986). The effectiveness of counsel is a mixed question of law and fact, reviewed *de novo. Reiger v. Christensen,* 789 F.2d 1425, 1427 (9th Cir.1986).

*Discussion:*

 Habeas corpus jurisdiction is available under 28 U.S.C. sec. 2241 for a prisoner's claims that he has been denied good time credits without due process of law. *Preiser v. Rodriguez,* 411 U.S. 475, 487–88, 93 S.Ct. 1827, 1835–36, 36 L.Ed.2d 439 (1973); *Toussaint v. McCarthy,* 801 F.2d 1080, 1096 n. 14 (9th Cir.1986). Habeas corpus jurisdiction is also available for a prisoner's claims that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law. *See, e.g., McCollum v. Miller,* 695 F.2d 1044, 1046 (7th Cir.1982); *McNair v. McCune,* 527 F.2d 874, 875 (4th Cir.1975). Habeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole. *McCollum,* 695 F.2d at 1047. Prisoners have a liberty interest created by 18 U.S.C. sec. 4161 in receiving good-time credits. *See, e.g., Jackson v. Carlson,* 707 F.2d 943,

946–47 (7th Cir.), *cert. denied, Yeager v. Wilkinson,* 464 U.S. 861, 104 S.Ct. 189, 78 L.Ed.2d 167 (1983). The federal regulations also create a liberty interest in not being subjected to disciplinary segregation without due process of law. *See Hewitt v. Helms,* 459 U.S. 460, 466–72, 103 S.Ct. 864, 868–72, 74 L.Ed.2d 675 (1983) (holding that a state statutory framework and the punitive nature of segregation created a liberty interest); *Zimmerlee v. Keeney,* 831 F.2d 183, 186 (9th Cir.1987) (assuming that habeas petitioner had a protected liberty interest in not being subject to disciplinary segregation). In each case, appellant seeks relief from the imposition of disciplinary sanctions involving forfeiture of statutory good time or segregation from the general prison population. In each case, appellant seeks expungement of the incident from his disciplinary record. Therefore, we assume that in each case habeas corpus jurisdiction exists and appellant had a liberty interest protected by due process.

*88–1804:*

Appellant seeks habeas relief from convictions by the Institution Disciplinary Committee (IDC) for fighting with another prisoner and refusing to obey an order from a member of the staff. Appellant contends that he was denied due process because the evidence was insufficient to support the conviction. The district court dismissed his petition on the grounds that his allegations did not state a claim upon which the court could grant relief and that the disciplinary decision was supported by sufficient evidence.

 We affirm. The Supreme Court has held that although "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime," *Wolff v. McDonnell,* 418 U.S. 539, 555, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974), his interest in due process "must be accommodated in the distinctive setting" and "legitimate institutional needs" of a prison, *Superintendent v. Hill,* 472 U.S. 445, 454–55, 105 S.Ct. 2768, 2773–74, 86 L.Ed.2d 356 (1984). The Court has held that there need only be "some evidence" supporting the findings

by a prison disciplinary committee in order to satisfy due process. *Id.* at 454, 105 S.Ct. at 2773; *Zimmerlee,* 831 F.2d at 186. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455–56, 105 S.Ct. at 2773–75. The IDC relied on an eyewitness account by the reporting officer and a statement by an inmate witness that he had heard Bostic challenge another inmate to fight. This is sufficient evidence to support the judgment.

#### 88–1805; 88–1806:

These habeas petitions are identical. Appellant seeks habeas relief from a disciplinary action for possession of contraband. In a routine search, a guard discovered thirty-four stolen sandwiches in a laundry bag underneath the Appellant's bed. A hearing was held in which Bostic testified that he did not own the laundry bag and did not know who had placed the sandwiches there. The guard stated that the Appellant earlier had admitted having stolen the sandwiches to supplement his income. Bostic summoned a witness, who was unable to offer any pertinent information. The IDC found appellant guilty of possession of contraband and imposed a sanction of forfeiture of thirty days of Statutory Good Time (SGT) credit toward parole.

Appellant argues that he was denied due process because the hearing was postponed twice; he was found guilty of a disciplinary violation with which he was not charged in the incident report; and the evidence was insufficient to support a finding of guilt. The district court dismissed pursuant to Rules 1(b)[1] and 4[2] of the Rules Governing Section 2254 Cases in the United States District Courts, on the ground that the petitioner failed to show how either conviction for a code violation not listed in the incident report or the eight day delay preju-

diced him in his ability to defend the disciplinary charge.

■ The petitioner has failed to present sufficient facts to support his claim of denial of due process. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir.1984). Appellant does not cite any reasons why having two hearings convened before the hearing at which the IDC addressed his case deprived him of due process. The hearing was held within eight days of the date the incident was reported. The prison regulations provide for a minimum waiting period of one day between notice and the IDC hearing and state that staff may suspend disciplinary proceedings for up to two weeks while informal resolution is attempted. Therefore, the regulations did not create a reasonable expectation in having a hearing within less than eight days. Even if the regulations stated that a prisoner was entitled to a hearing within less than eight days, the IDC's failure to meet that guideline would not alone constitute a denial of due process. *See Hewitt,* 459 U.S. at 477, 103 S.Ct. at 874 (holding that due process requires that a hearing be held within a "reasonable" time after confinement to administrative segregation, and finding that five days "plainly satisfied" this requirement); *Carter v. Fairman,* 675 F.Supp. 449, 451 (N.D.Ill.1987) (holding that even if the prison disciplinary committee failed to follow a state administrative regulation requiring the committee to convene within eight calendar days after commission of prison offense or its discovery, the noncompliance did not of itself violate due process).

■ Nor does appellant assert that the officer's description of the incident as "stealing" rather than as "possession of contraband" in the incident report deprived him of the opportunity to present a proper defense. The incident report described the factual situation that was the basis for the

---

1. Rule 1(b) authorizes United States district courts, in their discretion, to apply the Rules Governing Section 2254 Cases (cases involving custody pursuant to a judgment of a state court) to habeas cases not governed by that section. Rule 1(b).

2. Rule 4 states in part:
 If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

finding of guilt of possession of contraband and alerted Bostic that he would be charged with possessing something he did not own. *Cf. Wolff,* 418 U.S. at 563–64, 94 S.Ct. at 2978–79 (stating that "the function of [the] notice [of a claimed violation] is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are"). The incident report adequately performed the functions of notice described in *Wolff. See id.*

■ Finally, we reject appellant's contention that the evidence was insufficient to support a conviction. The IDC relied on an eyewitness account by the reporting officer and a statement by a cellmate. This evidence was sufficient. *Hill,* 472 U.S. at 455–56, 105 S.Ct. at 2773–74; *Zimmerlee,* 831 F.2d at 186.

*88–1807:*

■ Appellant was found guilty by the IDC of attempting to bribe a prison official to bring marijuana into the prison. He received sanctions of fifteen days of disciplinary segregation and forfeiture of sixty days SGT. He seeks habeas relief, contending that the hearing in which he was found guilty did not meet the requirements of due process because the evidence was insufficient to support the IDC decision and the decision-maker was biased. The district court dismissed the habeas petition because the petitioner failed to allege specific facts to support either allegation.

We affirm. The reporting officer's testimony constituted sufficient evidence to support the finding of guilty. *See Zimmerlee,* 831 F.2d at 186. The appellant provided no facts to support his allegation that the decisionmaker was not impartial. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir.1984). Therefore, we dismiss this habeas petition.

*88–1808:*

Appellant collaterally attacks his conviction for interfering with a prisoner count on the grounds that there was insufficient evidence to support the IDC findings; the hearing officer was biased; and he was denied his right to present witnesses in his defense. The district court dismissed. We affirm.

■ The IDC relied on two staff members' statements that they had called the count several times, very loudly, and that all inmates should have been aware that there was a count. Appellant and three inmate witnesses said that they were not aware that a count was being called. We cannot say that the IDC was unjustified in believing the staff members' testimony or in setting up a "strict liability" rule that it is the inmate's responsibility to be in the proper area for a count at a given time. *Cf. Whitley v. Albers,* 475 U.S. 312, 322, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (stating that prison administrators should be accorded wide discretion to adopt and execute policies that in their judgment are needed to preserve order, discipline, and security). Therefore, there was sufficient evidence to support the finding of guilt.

The appellant failed to plead any specific facts supporting his allegations that the hearing officer was biased. *Franklin,* 745 F.2d at 1228.

■ We also reject appellant's claim that he was denied due process because the IDC refused to allow him to summon certain witnesses. Generally, an inmate is allowed to present witnesses when to do so does not threaten institutional safety or correctional goals. *Ponte v. Real,* 471 U.S. 491, 495, 105 S.Ct. 2192, 2194, 85 L.Ed.2d 553 (1984); *Wolff,* 418 U.S. at 566, 94 S.Ct. at 2979; *Zimmerlee,* 831 F.2d at 187. Appellant called three inmate witnesses who testified that they were unaware that it was count time; the IDC chose not to allow appellant to call more witnesses because their testimony would have been repetitive and the inmate told the committee that they could add nothing additional. The appellant's interest in calling more witnesses was outweighed by the institution's interest in maintaining order and discipline, where the witnesses would not provide any pertinent new information. *See Wolff,* 418 U.S. at 566, 94 S.Ct. at 2979 ("Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may

... undermine authority...."); *see also infra* (discussion of habeas petition 88–1812).

*88–1809:*

Alcohol was found in the cell occupied by Bostic and two other inmates. Appellant seeks to attack disciplinary action taken against him for making, possessing, or using intoxicants on the ground that his guilty plea was involuntary. Appellant alleges that the hearing officers were aware that he pled guilty to the violation, of which he was innocent, only because he was under extreme stress due to threats made against him by his co-defendants (his two cell mates). The district court dismissed.

■ In a criminal trial, a guilty plea must be the voluntary expression of the defendant's own choice. *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970). The plea is void if it is "induced by promises or threats which deprive it of the nature of a voluntary act." *Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962). Coercive acts by third parties unrelated to the government, such as co-defendants, may invalidate guilty pleas. *See, e.g., Iaea*, 800 F.2d at 867; *LoConte v. Dugger*, 847 F.2d 745, 753 (11th Cir.1988). The requirements for ascertaining whether a guilty plea is truly knowing, intelligent, and voluntary are fairly stringent both in federal and state courts. *See, e.g.,* Fed.R.Crim.P. 11(c), (d) (delineating the steps a federal court must take to ensure that a guilty plea is knowing and truly voluntary); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (holding that due process requires state courts to make an affirmative showing that a guilty plea is intelligent and voluntary). The Ninth Circuit has refused, however, to extend these procedural protections to proceedings less formal than state and federal criminal trials. *United States v. Segal*, 549 F.2d 1293, 1296–99 (9th Cir. 1977) (holding that neither Rule 11 nor the protections of *Boykin* apply to probation revocation hearings, and observing that

less process is due in prison disciplinary proceedings than in probation revocation hearings). Therefore, the IDC was not constitutionally required to ascertain that appellant's guilty plea was voluntary, and we affirm the district court's dismissal.

*88–1810:*

■ Appellant seeks habeas relief from the disciplinary actions taken against him for being in an unauthorized area. He alleges that he was denied due process of law because the evidence was insufficient to support conviction. The district court dismissed on the grounds that appellant failed to allege with specificity how his constitutional rights were violated and that the attachment to the habeas petition did not show that he had exhausted his administrative remedies.

We affirm. The record before us does not show that the appellant appealed the decision of the UDC. Even if appellant had exhausted his administrative remedies, however, there is sufficient evidence in the record from which the prison disciplinary committee could conclude that the appellant was guilty. A staff member testified that he observed Bostic talking to another inmate in the unauthorized area and that he made no attempt to enter his proper housing unit after the free-movement period ended. The UDC had "some evidence" sufficient to satisfy due process requirements. *Zimmerlee*, 831 F.2d at 186; *Toussaint*, 801 F.2d at 1105 (quoting *Hill*, 472 U.S. at 455–56, 105 S.Ct. at 2773–74).

*88–1811:*

Appellant seeks to attack the disciplinary action taken against him for being insolent toward a staff member. Appellant claims that he was denied due process by the IDC because the hearing officer was biased and the evidence was insufficient to support the finding of guilt. The district court dismissed.

■ We affirm. Appellant has failed to allege specific facts in support of his claim that the hearing officer was biased. *Franklin*, 745 F.2d at 1228. Although one witness testified that the staff member provoked the verbal exchange, and Bostic as-

serts that the staff member had denied him access to legal papers and had used racial epithets, the IDC could rely on the staff member's description of the incident as unprovoked insolence. Therefore, there was "some evidence" on which the IDC could rely in finding Bostic guilty of the code violation. *Hill,* 472 U.S. at 455, 105 S.Ct. at 2773.

### 88–1812:

Appellant seeks habeas relief from disciplinary sanctions for fighting, threatening another with bodily harm, and refusing to obey a staff member's order. He alleges that he was denied due process in the IDC hearing because the IDC did not allow him to summon a key witness and because of a ten-day delay between the date of the incident and the date the hearing was held.

The district court dismissed on the grounds that appellant failed to allege that the delay prejudiced the defense of the disciplinary violation; the appellant himself caused the delay by changing his mind about whether to have a staff representative at the hearing; and he was provided a written statement of the reasons the third witness was not called.

■ We first discuss the IDC's refusal to allow appellant to call a third witness. An inmate generally is allowed to present witnesses and documentary evidence when to do so does not threaten institutional safety or correctional goals. *Ponte,* 471 U.S. at 496, 105 S.Ct. at 2195; *Wolff,* 418 U.S. at 566, 94 S.Ct. at 2979. "[P]rison officials may not arbitrarily deny an inmate's request to present witnesses or documentary evidence." *Graham v. Baughman,* 772 F.2d 441, 444 (8th Cir.1985); *accord Bartholomew v. Watson,* 665 F.2d 915, 918 (9th Cir.1982). "Prison officials must[, however,] have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority...." *Ponte,* 471 U.S. at 496, 105 S.Ct. at 2195. The burden of proving adequate justification for denial of a request to present witnesses rests with the prison officials. *Ponte,* 471 U.S. at 499, 105 S.Ct. at 2197; *Graham,* 772 F.2d at 445.

In this case, appellant sought to have three witnesses called. Appellant stated on his Notice of IDC Hearing that all three of his witnesses would testify regarding the incident and appellant's character. At the hearing, the IDC permitted two witnesses and denied the third on the ground that his testimony would have been repetitive. Appellant states that he "strongly protested this action on the ground that this was a 'key witness' and extremely vital to his defense. The said objection was noted, and the hearing proceeded...." The Acting Warden stated that at the hearing the IDC questioned appellant concerning the testimony to be given by his witnesses and that appellant "again indicated their statements would attest to [appellant's] character. Based on this statement, the IDC elected to exclude the third witness as his testimony would be repetitive." The record includes a signed statement by the excluded witness attesting that the appellant acted solely in self-defense. Neither of the two witnesses who were permitted to speak made statements similar to the one the excluded witness would have made.

■ We hold that the IDC did not violate appellant's constitutional right to due process by denying him the right to call his third witness. Although the Supreme Court has recognized that "the unrestricted right to call witnesses from the prison population carries obvious potential for disruption," *Wolff,* 418 U.S. at 566, 94 S.Ct. at 2979, and that prison disciplinary committees may sometimes deny a defendant the right to call redundant and unnecessary witnesses, *see, e.g., Malek v. Camp,* 822 F.2d 812, 815 (8th Cir.1987), prison disciplinary committees may not deny a defendant the right to call important witnesses solely for the sake of administrative efficiency. *See, e.g., Graham,* 772 F.2d at 446 (holding that a prison disciplinary committee violated inmates' rights to procedural due process by refusing to call their witnesses, even though the disciplinary hearing took place in the aftermath of a riot and the resulting disciplinary caseload was ex-

tremely heavy); *cf. Bartholomew*, 665 F.2d at 918 ("A blanket proscription against the calling of certain types of witnesses in all cases involving institutional security is an overreaction which violates minimal due process."). The prison disciplinary committee has the burden of proving that it had an adequate justification for denying the right to call a witness. *Ponte*, 471 U.S. at 499, 105 S.Ct. at 2197; *Graham*, 772 F.2d at 445. The inmate, however, must inform the committee of the nature of the testimony each witness will deliver in order to allow the committee to determine whether institutional concerns would preclude calling the witnesses. Although appellant's third witness was crucial to appellant's defense—he was the only witness who would corroborate appellant's statement that he fought only to defend himself against an attacker—appellant failed to inform the IDC of the precise nature of the witness's testimony and the reasons it was important. Appellant had three opportunities to establish that his witness's testimony was crucial and not repetitive: when he filled out the IDC hearing form listing his witnesses and their likely testimony; when he was questioned by the IDC at the hearing concerning the testimony to be given by his witnesses; and when he verbally protested at the hearing the IDC's exclusion of his third witness. The IDC's decision to exclude the third witness as repetitive, in light of appellant's failure to respond adequately to the IDC's inquiry regarding the nature of the third witness's testimony, did not violate appellant's right to procedural due process.

■ Nor did the delay of ten days between the occurrence of the incident and the IDC hearing violate due process. A hearing must be held within a "reasonable time" after an inmate is placed in administrative segregation as punishment for an alleged rule violation. *Hewitt*, 459 U.S. at 472, 103 S.Ct. at 871. A hearing was convened within four days after the incident, at which time appellant sought appointment of a staff representative—a privilege he had previously waived. Under the circumstances, the delay of ten days was reasonable.

*88–1814:*

Appellant seeks to attack disciplinary action taken against him for stealing two cans of tomato juice. He claims that he was denied effective assistance by a staff representative and that his plea of guilty to the disciplinary charge was coerced. The district court dismissed.

■ We affirm. There is no right to assistance of counsel in a prison disciplinary hearing. *Baxter v. Palmigiano*, 425 U.S. 308, 314–15, 96 S.Ct. 1551, 1555–56, 47 L.Ed.2d 810 (1976). Therefore, an inmate has no claim for ineffective assistance of counsel at a disciplinary hearing. Nor do the requirements that a guilty plea be shown to be fully intelligent and voluntary apply to prison proceedings. *See Segal*, 549 F.2d at 1296–99; *see also supra* (discussion of appellant's habeas petitions *88–1805, 88–1806*). Therefore, the IDC was not constitutionally required to ascertain that appellant's guilty plea was voluntary. We affirm the district court's dismissal.

Affirmed.