972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerardo RODRIGUEZ, Plaintiff-Appellant,
v.
James BLODGETT, Superintendent; Ron Montgomery, C.U.S.;
Nancy Frazier, C.U.S.; Ruth Clinical
Psychologist, Defendants-Appellees.
 No. 91-35926.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerardo Rodriguez, an Oregon state prisoner previously incarcerated at the Washington State Penitentiary, appeals pro se the district court's summary judgment in favor of Washington state prison officials in his 42 U.S.C. § 1983 action. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 On February 23, 1990, Washington prison officials conducted a search of Rodriguez's cell and discovered a crucifix with altered ends and some letters and poems. Correctional officer Roberta Casey was mentioned in a threatening manner in some of the poems. After the search, Rodriguez was placed in administrative segregation, and, after a disciplinary hearing, was found guilty of various Washington Administrative Code violations.
 
 
 4
 Rodriguez first contends that he was denied due process when he was placed into administrative segregation and that prison officials did not have any evidence justifying their decision to place him in administrative segregation. We agree with the district court's disposition of these claims in its thorough and well-reasoned order of June 19, 1991. Rodriguez constituted a threat to the safety of prison staff and inmates, and prison officials had the discretion to place him in administrative segregation. See Wash.Admin.Code § 137-32-005. Even if prison regulations create a protected liberty interest in remaining within the general population, which we do not decide, Rodriguez received all the procedural protections required by Hewitt v. Helms. See 459 U.S. 460, 476-78 (1983) (due process requires an informal, nonadversary hearing within a reasonable time after the prisoner is segregated).
 
 
 5
 Rodriguez also claims that prison officials placed him in administrative segregation in retaliation for his filing prison grievances.
 
 
 6
 A prisoner's "rights may be permissibly restricted by prison authorities because of the need to maintain order ... and discipline, maintenance of institutional security, and rehabilitation of prisoners." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985) (citing Procunier v. Martinez, 416 U.S. 396, 412 (1974)). Thus, to succeed on a retaliation claim, a prisoner must do more than allege retaliation by prison authorities because of a prisoner's exercise of a constitutionally protected right; the prisoner must show that the "prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id.
 
 
 7
 In support of his retaliation claim, Rodriguez submits copies of prison grievances challenging various actions by female prison guards, including strip searches, viewing him in the shower, and teasing him. The defendants respond that he was placed in segregation because of the altered crucifix and the confiscated poems and letters. Rodriguez's bare allegation of retaliation does not establish a genuine issue of material fact sufficient to withstand the defendants' summary judgment motion. See id. at 532 & n. 4; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (conclusory allegations are insufficient to defeat a properly supported summary judgment motion).
 
 
 8
 We agree with the district court's holding that to the extent that Rodriguez challenges his disciplinary proceedings, there was "some evidence" to support the findings of the prison disciplinary committee. See Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir.1989).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3