978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Delano HOWARD, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS, Defendant,
and
R.E. Miller, Sgt. # 190, Defendant-Appellee.
 No. 91-16867.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Delano Howard, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief can be granted. Howard alleged that defendants denied him due process at his prison disciplinary hearing by relying on evidence of positive drug test results which were not confirmed by a different test method, and by denying his request to call as a witness the officer who performed the urinalysis. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's dismissal under Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783 (9th Cir.1992) (en banc). Our review is based on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). Dismissal of a complaint is improper "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.
 
 
 4
 An inmate does not have an unrestricted right to present evidence or to have all the witnesses he requests called at a disciplinary hearing. Wolff v. McDonnell, 418 U.S. 539, 566 (1974). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority." Id. at 566. Should prison officials refuse to call a witness, they should explain their decision, but may do so either at the hearing, or "later." Id. at 497.
 
 
 5
 In the context of prison disciplinary proceedings, the requirements of due process are satisfied if there is "some evidence" to support the findings of the prison disciplinary officer. Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir.1989) (citations omitted). The relevant inquiry is " 'whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.' " Id. at 1270 (quoting Superintendent, Mass. Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 455-56 (1985)).
 
 
 6
 Here, Howard was informed at his disciplinary hearing that he would not be able to call C.S.O. Martin Hall, the ADx urinalysis operator, as a witness because had been given a copy of the ADx Urinalysis Operator Checklist signed by Hall. The Operator Checklist stated that Hall was certified by Abbott Laboratories to conduct the ADx urinalysis. It further stated that Hall conducted Howard's urinalyses in accordance with the ADx operators manual and that Hall has maintained all the necessary documentation for the tests. In the absence of any allegation in Howard's complaint that Hall's testimony would have differed from the information provided in the Operator Checklist, it would have been redundant to call Hall as a witness. Therefore, appellant's interest in calling him as a witness was outweighed by the institution's interest in maintaining order and discipline. See Bostic, 884 F.2d at 1271; Higgs v. Bland, 888 F.2d 443, 449 (6th Cir.1989).
 
 
 7
 The disciplinary board found Howard in violation of prison regulations based on two positive ADx urinalyses. When properly performed, such tests for cannabinoids are generally accurate. Koenig v. Vannelli, No. 91-16797, slip op. at 9296 n. 1 (9th Cir. Aug. 4, 1992) (per curiam). Thus, the positive ADx urinalyses constituted "some evidence" of Howard's illegal drug use. See Bostic, 884 F.2d at 1269-70. Accordingly, the disciplinary board's reliance on the uncontroverted test results did not deprive Howard of due process. See Higgs, 888 F.2d at 449. Nor did the board's denial of Howard's request for a different test to confirm the ADx tests. See Koenig, No. 91-16797, slip op. at 9297-9298.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3