985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Geronimo ZARAZUA, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden; James Rowland, Director,
Respondents-Appellees.
 No. 92-15720.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 2, 1993.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-90-02159-SBA, Saundra B. Armstrong, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before REINHARDT, CYNTHIA HOLCOMB HALL, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Geronimo A. Zarazua, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition, challenging disciplinary proceedings conducted by the California Department of Corrections in which Zarazua was found guilty of taking part in an assault upon another inmate. As a result, Zarazua lost good time credits which he had earned. Zarazua contends that his due process rights were violated when he was denied the opportunity to present witnesses and documentary evidence at the prison disciplinary hearing. He also asserts that there was insufficient evidence to support the disciplinary committee's finding that Zarazua took part in the assault. We have jurisdiction under 28 U.S.C. § 2253 and review the district court's denial de novo. Zimmerlee v. Keeney, 831 F.2d 183, 185 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988). We affirm.
 
 
 3
 As a general rule, in a prison disciplinary hearing a prisoner is permitted to present witnesses and documentary evidence as long as such evidence does not "threaten institutional safety or correctional goals." Id. at 187 (citing Wolff v. McDonnell, 418 U.S. 539, 566 (1973)). As the district court found, however, Zarazua never requested either that witnesses appear at the hearing or that the disciplinary committee consider documentary evidence on his hand injury or the purported lack of injuries to the victim inmate. A disciplinary committee's exclusion of a witness's testimony will not constitute a violation of the prisoner's procedural due process rights where the prisoner fails to identify the "precise nature of the witness's testimony" (not to mention the intention to even call witnesses). Bostic v. Carlson, 884 F.2d 1267, 1274 (9th Cir.1989). Furthermore, the prison committee's decision to exclude evidence, which may be based on such grounds as irrelevance or institutional safety, enjoys wide deference and an appellate court will "stop short of imposing a more demanding rule with respect to witnesses and documents." Wolff, 418 U.S. at 567. The documentary evidence that Zarazua allegedly sought to introduce before the committee fails the relevancy test in any event, as it consists merely of Zarazua and the victim's medical records, neither of which disproves that an assault occurred. See id. Accordingly, the district court did not err in finding that the disciplinary committee did not violate Zarazua's due process rights concerning the exclusion of witnesses and documentary evidence. See id.
 
 
 4
 Regarding Zarazua's second argument concerning the sufficiency of evidence, there is "sufficient evidence" to support the decision of the prison disciplinary committee as long as there is "some evidence" that will support its conclusion. Superintendent v. Hill, 472 U.S. 445, 455 (1985). As this court has noted previously, the "Hill standard is minimally stringent." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987). In Zarazua's proceeding, the disciplinary committee relied on the report of a prison official, who reported seeing Zarazua acting suspiciously in the area of the assault, in addition to conflicting statements of various inmates concerning Zarazua's location during the time of the stabbing. See Hill, 472 U.S. at 456-57 (evidence consisting of the report of a prison guard who saw a fleeing inmate after an assault of another inmate was sufficient for due process purposes even though the evidence was "meager and there was not direct evidence identifying ... the assailant"). Mindful of the Supreme Court's directive that we should "not reweigh evidence or judge the credibility of witnesses," we conclude that there was "some evidence," and therefore there was "sufficient evidence" to support the prison board's determination in Zarazua's disciplinary proceeding. See Cato, 824 F.2d at 705.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3