66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard David PARKER, Petitioner-Appellant,
v.
N. Lee CONNER, Respondent-Appellee.
Richard David PARKER, Petitioner-Appellant,
v.
Joseph L. SIVLEY, Respondent-Appellee.
 Nos. 94-17236, 94-17237.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard David Parker, a federal prisoner, appeals pro se the district court's denial of two 28 U.S.C. Sec. 2241 petitions. Parker was convicted in 1987 of conspiracy to pass counterfeit money and in 1988 of interstate transportation of counterfeit motor vehicle titles. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo, Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989), and affirm.
 
 A. Appeal No. 94-17236
 
 3
 Parker contends the district court erred when it denied his petition alleging his due process rights were violated in connection with a 1992 disciplinary proceeding. In 1992, the following items were found in a search of Parker's cell: photo copies of blank driver's licenses and social security cards, plastic laminate paper, nine franked government mailing labels, and seven sheets of personalized writing paper which had been duplicated using a photocopy machine. After the disciplinary hearing officer found that Parker possessed contraband (i.e., unauthorized materials not issued through regular channels), the officer ordered the materials confiscated and ten days of good time credit forfeited.
 
 
 4
 Because the disciplinary hearing officer's decision is supported by some evidence and the hearing comported with the requirements of due process, the district court properly denied Parker's petition. See Superintendent v. Hill, 472 U.S. 445, 455 (1985) (revocation of good time credits constitutional so long as decision is supported by some evidence); Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974) (due process satisfied if prisoner receives advance written notice of the charges against him; has an opportunity to call relevant witnesses and present documentary evidence necessary to his defense; and receives a written statement by the fact-finder indicating the evidence relied on and the reason for the disciplinary action). Even if Parker could show that some of the materials confiscated in the 1992 cell search were related to a pending legal proceeding, he has not shown any actual injury to his access to the courts. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 B. Appeal No. 94-17237
 
 5
 Parker contends the district court erred when it denied his petition alleging that his due process rights were violated in connection with a 1994 disciplinary proceeding. Parker was charged with drug use after testing positive for THC, the active ingredient in cannabis. On January 26, 1994, the disciplinary hearing officer found the charge true and ordered 90 days of good time credit forfeited.
 
 
 6
 Parker contends that the prison violated his rights to due process when it failed to comply with the mandatory language of 28 C.F.R. Sec. 541.14. Section 541.14, in relevant part, provides: "if the case is ultimately forwarded to the Disciplinary Hearing Officer, the DHO shall give a copy of the investigation and other relevant materials to the inmate's staff representative for use in presentation on the inmate's behalf."[1] Prison regulations can create liberty interests protected by the Fourteenth Amendment. Walker v. Sumner, 14 F.3d 1415, 1419 (9th Cir.1994). However, so long as a disciplinary hearing comports with the requirements of Wolff, a prison does not violate the Due Process Clause by failing to follow its own procedures which " 'rise above the floor set by the due process clause.' " Id. at 1420 (quoting Rogers v. Okin, 738 F.2d 1, 8 (1st Cir.1984)). We are satisfied that the hearing afforded Parker met the requirements of Wolff, see Wolff, 418 U.S. at 563-66, and that the decision of the disciplinary hearing officer is supported by the evidence, see Hill, 472 U.S. at 455. Consequently, we affirm the district court's denial of Parker's petition.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Parker does not dispute that he received an incident report summarizing the charges against him