108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Waymon M. BERRY, III, Plaintiff-Appellant,
v.
James H. GOMEZ; Jack Reagan; Teresa Rocha; Michael
Knowles; Raymond Novencido; Karen Larson; Terry
Bridges; Kevin Walker, Defendants-Appellees.
 No. 96-15787.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUN**
 
 
 2
 Waymon M., Berry III, a California state prisoner, appeals pro se the district court's summary judgment in favor of state prison officials in his 42 U.S.C. § 1983 action alleging that prison officials violated his right to due process when they disciplined Berry for attempting to gain special consideration from the prison staff by unlawful influence and for making false accusations against the prison staff. We review de novo the district court's summary judgment. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.
 
 A. Facts
 
 3
 On February 5, 1993, Berry filed a grievance alleging that correction officer Terry Bridges had been hostile and discriminated against Berry. In an attempt to resolve the dispute, on February 17th, Bridges had an informal interview with Berry. At the interview, Berry gave Bridges a letter dated February 13, 1993, from Jewell Morrow, Chief Executive Officer of JDL Protection and Legal Services ("JDL"), addressed to prison administrator Raymond Novencido. In the letter Morrow states that two correction officers approached Berry requesting that he write an article regarding Bridges's legal problems. Morrow also states that if Berry is in "any jeopardy," JDL "will institute whatever plan necessary to expose Sgt. Bridges."
 
 
 4
 On February 23, 1993, Bridges issued Berry a disciplinary report charging Berry with violating Cal.Code Regs. tit. 15, § 3013 (1993) for attempting to gain special consideration or favor by unlawful influence. On February 24, 1993, Lieutenant Kevin Walker issued Berry a notice of placement in administrative segregation. The notice states that Morrow's letter warrants an investigation and that Berry's continued presence in the general population jeopardizes the integrity of an investigation into Berry's "alleged involvement with staff overfamiliarity." On March 2, 1993, the disciplinary board found Berry guilty of violating section 3013 and assessed sixty days loss of credits.
 
 
 5
 On April 14, 1993, during an internal investigation, correctional lieutenant Acuna interviewed Berry regarding the allegations in Morrow's letter. Berry told Acuna that correction officer Sharpe had asked Berry to write an article about discrimination among staff at Folsom Sate Prison, and offered to carry the article out of the prison to circumvent prison mail procedures. Berry also stated that correction officer Neal agreed that Berry should write the article and accused some white prison staff of belonging to the Ku Klux Klan. Sharpe and Neal adamantly denied the allegations when Acuna confronted them. On May 21, 1993, the disciplinary board found Berry guilty of violating Cal.Code Regs. tit. 15, § 3005(a) (1993) for making false accusations and assessed thirty days loss of credit.
 
 
 6
 On June 7, 1993, Berry was transferred from Folsom State Prison to Corcoran State Prison.
 
 B. Discussion
 1. Unlawful Influence
 
 7
 Berry contends that the prison disciplinary board lacked sufficient evidence to find him guilty of violating section 3013[1] for unlawful influence.
 
 
 8
 Prison disciplinary board decisions must be supported by some evidence in order to satisfy the requirements of due process. Superintendent, Massachusetts Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.
 
 
 9
 Here, the fact that Berry gave Bridges Morrow's letter represents "some evidence" that Berry violated section 3013 by attempting to gain special consideration by threatening to expose Bridges's personal legal troubles. Accordingly, the disciplinary board's finding that Berry violated section 3013 for unlawful influence did not violate Berry's right to due process. See id., at 455-56. Berry's contention that the board's decision violates his right to equal protection because Morrow was not charged with any wrongdoing fails because Berry did not show that Morrow is an inmate similarly situated to Berry. See Jones Intercable v. City of Chula Vista, 80 F.3d 320, 327 (9th Cir.1996).
 
 2. False Accusations
 
 10
 Berry contends that prison officials infringed his right to due process by punishing him for violating section 3005(a) for false accusations regarding the staff. Specifically, Berry contends that he did not have notice that his conduct was proscribed by section 3005(a) because the language of the regulation is too vague. Berry's contention has merit.
 
 
 11
 "[D]ue process requires fair notice of what conduct is prohibited before a sanction can be imposed." Newell v. Sauser, 79 F.3d 115, 117 (9th Cir.1996). The law should give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. See Grayned v. City of Rockford, 408 U.S. 104, 108 (1972); Newell, 79 F.3d at 117. "The due process clause bars the state from imposing punishment on the basis of an unexpected and unusual interpretation of plain language." Conner v. Sakai, 15 F.3d 1463, 1469 (9th Cir.1993), vacated in part and amended by 61 F.3d 751 (9th Cir.1995); see Bouie v. City of Columbia, 378 U.S. 347, 352 (1964).
 
 
 12
 Section 3005(a) is entitled "Conduct" and provides that: "Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person."
 
 
 13
 Here, the regulation did not give Berry fair notice that he could be sanctioned for making false allegations regarding the staff in the course of an internal investigation. See Newell, 79 F.3d at 117. Although the board's finding that Berry's allegations were false is supported by some evidence, see Hill, 472 U.S. at 455; Bostic v. Carlson, 884 F.2d 1267, 1273 (9th Cir.1989) (relying on staff's description of incident as some evidence for disciplinary charge), the board's unusual and unexpected interpretation of the regulation's language to imply that Berry's false accusations during an internal investigation could lead to disorder or violence violated due process, see Conner, 15 F.3d at 1469; Bouie, 378 U.S. at 352.
 
 
 14
 Accordingly, we vacate the district court's summary judgment in favor of the defendants on Berry's claim that the defendants violated his right to due process by disciplining him for violating section 3005(a). On remand the district court should consider the effect of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), particularly the requirement that prisoners exhaust available administrative remedies prior to initiating an action under section 1983. See 42 U.S.C. § 1997(e).
 
 3. Retaliatory Transfer
 
 15
 Berry's contention that he was transferred to another prison in retaliation for his filing a grievance against Bridges lacks merit because he failed to show that the alleged retaliatory action did not advance legitimate penological goals. See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 16
 We affirm the district court's summary judgment on Berry's remaining claims.
 
 
 17
 Each party shall bear its own costs on appeal.
 
 
 18
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 3013 is entitled "Unlawful Influence" and provides that: "Inmates may not attempt to gain special consideration or favor from other inmates, employees, institution visitors or any other person by the use of bribery, threat or other unlawful means."