MEMORANDUM **
Federal prisoner Agustín Salgado appeals the district court’s denial of his 28 U.S.C. § 2241 habeas corpus petition challenging the Bureau of Prison’s revocation of twenty-seven days of his accumulated good conduct time. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
We review de novo the district court’s grant or denial of a 28 U.S.C. § 2241 habeas petition. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989). We review de novo a district court’s legal conclusion that the disciplinary committee’s findings are supported by some evidence. Id.
Salgado contends that prison officials abused their discretion in the disciplinary hearing process. Salgado further contends that the district court erred by adopting the magistrate judge’s report and recommendation. Because there is “some evidence” in the record supporting the prison disciplinary committee’s findings, we cannot say that the prison officials abused their discretion by holding Salgado responsible for possessing the narcotics. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); Bostic, 884 F.2d at 1269-70. Accordingly, the district court did not err in finding that habeas relief is not warranted. See Van Tran v. Lindsey, 212 F.3d 1143, 1150-51 (9th Cir.), cert. denied, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.