**Waymon Mickiangelo BERRY, III, Petitioner–Appellant,**

v.

**Michael A. KNOWLES, Warden; et al., Respondents–Appellees.**

No. 05–16198.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 18, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Waymon Mickiangelo Berry, III, Soledad, CA, pro se.

Pamela B. Hooley, Esq., Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: T.G. NELSON, W. FLETCHER and RAWLINSON, Circuit Judges.

MEMORANDUM **

California state prisoner Waymon Mickiangelo Berry, III appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Berry contends that his right to due process was violated by the exclusion of certain witnesses at his prison disciplinary hearing. Because the prison officials provided adequate justification for the exclusion of those witnesses, we conclude that his right to due process was not violated. *See Bostic v. Carlson,* 884 F.2d 1267, 1273 (9th Cir.1989).

Berry contends that the statute he was convicted of, California Code of Regulations, Title 15, section 3004, is overbroad, abused, and absurd. We conclude that the section reasonably put Berry on notice that the comments he made regarding the racial background and appearance of a correctional officer were prohibited. *See Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). Furthermore, there was some evidence to support the findings of the disciplinary hearing. *See Superintendent v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.