**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| T.T., by and through his guardian ad litem, T.M., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> BELLEVUE SCHOOL DISTRICT, a Washington municipal corporation, <br><br> Defendant - Appellee. | No. 09-35330 <br><br> D.C. No. 2:08-cv-00365-JCC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted April 5, 2010
Seattle, Washington

Before: GOODWIN, HAWKINS and N.R. SMITH, Circuit Judges.

Plaintiff T.T., by and through his mother T.M., appeals the adverse summary

judgment for Bellevue School District ("school district"), claiming procedural due

process violations arising from his fifty-five day school suspension. Finding the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

district court erred in its consideration of the role of state procedural requirements, we remand for it to conduct that analysis in the first instance with the benefit of further fact finding.

Based entirely on hearsay statements from individuals unaffiliated with the school, T.T. was initially expelled and later suspended long-term for allegedly smoking marijuana off campus. Accompanied by his mother, T.T. had two informal meetings with school officials to discuss the charges, and he also received a formal hearing followed by an appeal before Bellevue's Disciplinary Appeals Council ("DAC"). The school district made no effort to reveal the substance of the witness statements, produce the witnesses, or have any school official with suspension authority question them in person. T.T. thus claims he was effectively deprived of any real ability to defend against the charges, including any opportunity to question and confront witnesses at his hearing or appeal.

As a threshold consideration, we affirm the district court's conclusion that T.T. has a protected property interest in receiving a public education. *See Goss v. Lopez*, 419 U.S. 565, 573 (1975). However, the question the district court set aside, which it should consider on remand, is whether the Washington Administrative Code ("the Code") gave T.T. a reasonable expectation of a protected entitlement because the mandatory nature of the Code sections created a significant substantive restriction on

the school district's decision making. *See Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 62-63 (9th Cir. 1994) ("*Wedges/Ledges*").

Relevant on remand are the two Code sections providing students with certain procedures, which can, in some instances, entitle a student to "[q]uestion and confront witnesses." Wash. Admin. Code 392-400-315; 392-400-270. In particular, the Code treats the procedures required differently depending on the type of appeal the school district has chosen to provide, Wash. Admin. Code 392-400-315, and it is unclear from the record which type of appeal the DAC was conducting. The record also is unclear whether T.T. requested the opportunity to question or confront his accusers. *See* Wash. Admin. Code 392-400-270(2)(c).

Once further fact finding has resolved these issues, the district court will be able to consider whether T.T. had a property right in the process afforded under Washington law. Violation of an administrative regulation "would not alone constitute a denial of due process." *Bostic v. Carlson*, 884 F.2d 1267, 1270 (9th Cir. 1989). Nevertheless, "[a]lthough procedural requirements ordinarily do not transform a unilateral expectation into a protected property interest, such an interest is created if the procedural requirements are intended to be a significant substantive restriction on . . . decision making." *Stiesberg v. State of Cal.*, 80 F.3d 353, 356 (9th Cir. 1996) (quoting *Wedges/Ledges*, 24 F.3d at 62). "A protected property interest is present

3

where an individual has a reasonable expectation of entitlement deriving from 'existing rules or understandings that stem from an independent source such as state law.'" *Wedges/Ledges*, 24 F.3d at 62 (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)).

Finally, T.T.'s appellate briefs do not allege any error based on state law claims independent of due process, and therefore any appeal of the state law claims is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Nor must we decide whether the inability to cross-examine in these circumstances is a constitutional violation in absence of the Washington regulations, where there remains a potentially narrower ground, involving application of state law, for resolving the case. *See Greater New Orleans Broad. Ass'n, Inc. v. United States*, 527 U.S. 173, 184 (1999) ("[W]e do not ordinarily reach out to make novel or unnecessarily broad pronouncements on constitutional issues when a case can be fully resolved on a narrower ground.").

**AFFIRMED in part, REVERSED in part, and REMANDED.** Each party shall bear its own costs on appeal.

4