**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEROY SMITH, | No. 09-16158 |
| Petitioner - Appellant, | D.C. No. 1:07-cv-00303-RTB |
| v. | |
| JAMES YATES, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

California state prisoner Leroy Smith appeals pro se from the district court's

order denying his 28 U.S.C. § 2254 habeas petition challenging prison disciplinary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

action.  We have jurisdiction under 28 U.S.C. § 2253[1], and we affirm.

Smith first contends that his due process rights were violated because the prison authorities' decision and the assessed 120-day credit forfeiture was not supported by some evidence and because the Senior Hearing Officer improperly denied Smith's request for three additional witnesses.  The record reflects that Smith received all process that was due and that some evidence supports the disciplinary findings.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *see also Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  Contrary to Smith's contentions, no due process violation resulted from the failure to call witnesses who could not provide any new relevant information.  *See Baxter v. Palmigiano*, 425 U.S. 308, 321 (1976); *see also Bostic v. Carlson*, 884 F.2d 1267, 1271-72 (9th Cir. 1989).

Smith also contends that he was denied equal protection because he was found guilty under the same circumstances under which other inmates were exonerated.  The record reflects that no equal protection violation occurred because Smith received the same disciplinary process and procedural safeguards received by the inmates whose charges were dismissed.  *See Bruce v. Ylst*, 351 F.3d 1283,

---

[1] We certify for appeal, on our own motion, the issue of whether Smith's rights to due process and equal protection were violated at the disciplinary hearing where Smith was found guilty of possessing inmate-manufactured alcohol.

1288 (9th Cir. 2003) ("Although the Equal Protection Clause ensures similarly situated persons are treated alike, it does not ensure absolute equality.")  The prison official's determinations were neither contrary to, nor involved an unreasonable application of, clearly established federal law, nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  *See* 28 U.S.C. § 2254(d)(1)-(2).

**AFFIRMED.**