FILED

**NOT FOR PUBLICATION**

DEC 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUSTAVO MANCHA, | No. 12-35552 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-00960-HO |
| v. | |
| J. E. THOMAS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Federal prisoner Gustavo Mancha appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas petition.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review the denial of a section 2241 petition de novo, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and we affirm.

Mancha contends that the disciplinary proceedings, which resulted in the loss of 40 days of good-time credits, violated his due process rights because he did not receive written notice of the particular disciplinary code provision that he was ultimately convicted of violating and because he was found guilty of a different disciplinary violation than the one charged in the incident report. These contentions are unavailing because Mancha was afforded the minimal procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539, 563-64 (1974), and the incident report provided him with the functions of notice required by *Wolff*. *See Bostic v. Carlson*, 884 F.2d 1267, 1270-71 (9th Cir. 1989).

Mancha also contends that the disciplinary hearing officer ("DHO") was not impartial because he found Mancha to have violated a different code provision than was charged in the incident report. On this record, the DHO's finding does not show that Mancha was denied an impartial decision maker in violation of due process. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (unfavorable or adverse rulings alone are insufficient to show bias unless they reflect such extreme favoritism or antagonism that the exercise of fair judgment is precluded); *Wolff*, 418 U.S. at 570-71 (establishing due process right to impartial decision maker).

**AFFIRMED.**

12-35552