**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY ROY CROSBY, | No. 16-55951 |
| Petitioner-Appellant, | D.C. No. 5:15-cv-01263-VBF |
| v. | |
| DAVID SHINN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Federal prisoner Jeffrey Roy Crosby appeals pro se from the district court's

judgment dismissing without prejudice his 28 U.S.C. § 2241 habeas petition. We

have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Crosby challenges a prison disciplinary proceeding in which he was

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sanctioned with the disallowance of good conduct time after he was found to have committed the prohibited acts of fighting with another person and possessing a weapon. Crosby maintains that his procedural due process rights were violated during the proceedings and that the evidence supported his statement that he was attacked by another prisoner and only sought to defend himself. The record shows that the disciplinary proceedings complied with the procedural due process requirements delineated in *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974), and that "some evidence" supported the Disciplinary Hearing Officer's ("DHO") decision, *see Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Assuming that Crosby is correct that prisoners have a due process right to present a self-defense claim in prison disciplinary proceedings, the record shows that Crosby was permitted to raise a self-defense claim before the DHO. The DHO considered the claim and rejected it as unsupported. That finding was also supported by "some evidence." *See id*.

The district court had subject matter jurisdiction over Crosby's section 2241 petition; therefore, the dismissal should have been on the merits and with prejudice. *See Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (section 2241 jurisdiction exists when a federal prisoner "claims that he has been denied good time credits without due process"), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc). We, therefore, vacate the

judgment and remand with instructions to dismiss the petition with prejudice.

**VACATED and REMANDED with instructions.**