**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLENN MCCLOUD, | No. 19-15504 |
| Petitioner-Appellant, | D.C. No. 1:18-cv-01072-JLT |
| v. | |
| STEVE LAKE, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding[**]

Submitted December 11, 2019[***]

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

Federal prisoner Glenn McCloud appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 petition for a writ of habeas corpus.  We

have jurisdiction under 28 U.S.C. § 1291.  We review the denial of a section 2241

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceeding before a magistrate judge pursuant to 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition de novo, *see Tablada v. Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and we affirm.

McCloud challenges a prison disciplinary proceeding in which he was sanctioned with the disallowance of good conduct time for committing the prohibited act of disruptive behavior most like possession of a hazardous tool. He argues that he did not receive advance written notice of the charges, that he was denied the right to call his requested witness, and that the disciplinary hearing officers were not impartial. We conclude that there was no due process violation. The incident report McCloud received described the factual situation that was the basis for the charge and thus "adequately performed the functions of notice" articulated in *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). *See Bostic v. Carlson*, 884 F.2d 1267, 1270-71 (9th Cir. 1989), *overruled on other grounds* by *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc). The record does not reflect that McCloud was denied an impartial decision maker. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, on this record, any error that resulted from McCloud's inability to call his requested witness was harmless, *see Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), and the record shows that "some evidence" supported the hearing officer's findings. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Finally, we reject McCloud's various challenges to the "some evidence" standard set forth in *Hill* because the Supreme Court "retains the

19-15504

prerogative of overruling its own decisions." *See Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015) (internal quotation marks omitted).

**AFFIRMED.**