5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Marvin HARRIS, Plaintiff-Appellant,
v.
T. PEETZ, D. Helsel and P. Moran, Defendants-Appellees.
 No. 93-15206.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 16, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin Harris, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 prisoner civil rights action pursuant to 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291. This court reviews the district court's dismissal of an action pursuant to 28 U.S.C. Sec. 1915(d) for an abuse of discretion, see Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 Harris contends that the district court erred in dismissing his 42 U.S.C. Sec. 1983 prisoner civil rights action as frivolous. A complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In his complaint Harris alleged that defendant prison officials violated his right to due process under the fourteenth amendment by affirming the imposition of prison disciplinary action and placing him in the Special Housing Unit. Harris alleged that the decision to affirm the disciplinary action was not based on "substantial evidence." We disagree.
 
 
 4
 In the context of prison disciplinary hearings, due process requires that "some evidence" support the decision of the fact finder. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir.1989). The evidence must have some indicia of reliability, and the findings of fact cannot be without evidentiary support or otherwise arbitrarily made. Hill, 472 U.S. at 457. Defendant prison officials' findings were based on the statement of the corrections officer involved in the incident and the report of the investigating officer. This constitutes sufficient evidence to support their conclusion that Harris assaulted a corrections officer. See id. at 456-57 (statement of officer involved and his written report constitutes "some evidence" in prison disciplinary proceeding).
 
 
 5
 Because the decision of defendant prison officials to impose discipline was based on some evidence, Harris' complaint lacked an arguable basis in fact or law, and the district court properly dismissed his complaint as frivolous.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3