37 F.3d 1508
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bennie L. WEST, Plaintiff-Appellant,
v.
Armando GONZALEZ, et al., Defendant-Appellee.
 No. 94-15107.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bennie L. West, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendant prison officials in his 42 U.S.C. Sec. 1983 action. West contends that the defendants violated his constitutional rights by denying him (1) adequate medical care; (2) proper living conditions; (3) law library access; and (4) due process in disciplinary and reclassification decisions. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's summary judgment, Sanchez v. Vild, 891 F.2d 240, 241-42 (9th Cir.1989), and we affirm.
 
 
 3
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Id. (citations omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (citation omitted).
 
 
 4
 To state a section 1983 claim, the plaintiff must show that a person acting under color of state law deprived him of a right secured by the constitution or federal law. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Id. at 623.
 
 
 5
 * Medical Care
 
 
 6
 West contends that throughout his incarceration, he has received inadequate medical care for his back problems. West's complaint further states that he has not obtained an MRI for his complaints of back pain, and that prison officials have made little or no effort to treat his illness.
 
 
 7
 "Prisoners can establish an [E]ighth [A]mendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be found where prison officials "deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988). A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to inmate health or safety only if he or she knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Hutchinson, 838 F.2d at 394 (citing Estelle, 429 U.S. at 106). A difference of medical opinion is insufficient to establish deliberate indifference. Sanchez, 891 F.2d at 242.
 
 
 8
 Here, the record indicates that West has frequently complained of back pain for which he was seen by physician's assistants and prison doctors.[1] West has been prescribed a pain reducing medication and exercises, and assigned to light duty prison assignments. The physician's assistant named in West's complaint averred that he found no serious injury to West's back.
 
 
 9
 While we liberally construe West's pro se pleadings, McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992), West offers no supporting evidence to show that he was denied medical treatment or that the treatment he received was inadequate. See Hutchinson, 838 F.2d at 393. Instead, the evidence presented shows that West disagrees with the diagnosis and medical care he has been provided by various physician's assistants and other prison staff. A mere difference of opinion as to treatment, however, does not give rise to a constitutional claim for deliberate indifference. See Sanchez, 891 F.2d at 242. Therefore, the district court properly granted summary judgment in favor of defendants on this claim. Id.
 
 II
 Living Conditions
 
 10
 In his amended complaint, West alleged that defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment by requiring him to sleep on a mattress on the floor for 5 days upon his arrival at Winslow in 1989 and later through restrictive conditions in protective segregation in Rincon. This contention lacks merit.
 
 
 11
 To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve the "wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Generally, a prison's "obligation under the [E]ighth [A]mendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982) (quotations omitted). In evaluating an Eighth Amendment claim based on conditions of confinement, a court must look at each alleged condition individually rather than at the totality of conditions. Id. at 1246-47.
 
 
 12
 Here, West's complaint alleged that (1) West had to sleep on a mattress on the floor for 5 days in Winslow, and (2) while in protective segregation in Rincon, West's cell was only 6' x 10' for two people, with no storage area, no table or chair, poor lighting, limited recreation time and limited showers. Because the Constitution only requires a prison to provide a prisoner with "adequate" shelter, we conclude that defendants did not violate West's Eighth Amendment rights with regard to shelter. See Rhodes, 452 U.S. at 347 ("conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society"); Hoptowit, 682 F.2d at 1246.
 
 III
 Law Library Access
 
 13
 In his amended complaint, West also alleged that he was denied adequate access to the law library while he was in Winslow in 1991. To the extent West contends that he was denied access to the courts, this contention lacks merit.
 
 
 14
 It is well established that prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or adequate assistance from persons trained in law. Bounds v. Smith, 430 U.S. 817, 828 (1977). A prisoner bringing a denial-of-access-to-the-courts claim must allege either (1) the denial of an adequate law library or adequate assistance, or (2) an actual injury to court access. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 15
 Here, West's allegations with regard to this claim state only that there was delay in sending legal materials to the court and that there was no access to lawbooks because legal representatives were supposed to visit the cells but came infrequently. West failed to allege any facts to support his claim that he was provided inadequate legal assistance. See id. West also failed to allege any "actual injury" to his court access. See id. Therefore, the district court did not err by granting summary judgment for defendants on this issue. See id.
 
 IV
 Due Process
 
 16
 West contends that his due process rights were violated during numerous disciplinary hearings and the prison grievance procedure, and that he was improperly reclassified by the classification committee. This contention lacks merit.
 
 
 17
 "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In the context of prison disciplinary proceedings, the requirements of due process are satisfied if there is "some evidence" to support the findings of the prison disciplinary board. Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir.1989) (citations omitted). The relevant inquiry is " 'whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.' " Id. at 1270 (quoting Superintendent v. Hill, 472 U.S. 445, 455-56 (1989)).
 
 
 18
 Here, West essentially contends that his due process rights were violated because he failed to prevail at any disciplinary proceeding or through administrative appeal. Our review of the record, however, indicates that West was disciplined for such infractions as refusing to go to work and for throwing food trays into the hallway. West concedes that he refused to work, but maintains it was because of his health. West also argues that he threw his food tray because correctional officers misbehaved. Given these circumstances, the factual allegations supporting the disciplinary proceedings against West constitute "some evidence" of West's infractions and support the actions of the disciplinary board. See Bostic, 884 F.2d at 1269-70.
 
 
 19
 West also states that defendants accused him of disciplinary violations in retaliation for his filing of grievances. A prisoner suing prison officials under section 1983 for retaliation must allege that (1) he was retaliated against for exercising his constitutional rights and (2) the retaliatory action does not advance legitimate goals of the correctional institution or is not narrowly tailored to achieve those goals. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 20
 Here, West presents no evidence that the prison officials' actions were retaliatory, or that their actions did not advance legitimate penological goals. The record indicates the factual basis for West's disciplinary infractions. In support of their motion for summary judgment, the defendants submitted affidavits in which several defendants aver that regular disciplinary procedures were followed and West's grievances were not considered in the disciplinary decisions. West's evidence does not rebut any of these statements, and West's bare allegations and copies of his grievances do not suffice to establish a retaliation claim and defeat the prison officials' summary judgment motion. See id.
 
 
 21
 West also contends that the defendants violated his due process rights by improperly adjusting his classification based on his numerous disciplinary infractions.
 
 
 22
 Reclassification is within the terms of confinement contemplated by a prison sentence. See Montanye v. Haymes, 427 U.S. 236, 242 (1976). The due process clause itself does not create a liberty interest in a particular classification. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Moreover, state prison regulations do not create a protected liberty interest unless they establish substantive predicates and use explicitly mandatory language to limit officials' discretion. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986) (Arizona statutes and prison regulations lack mandatory language necessary for creation of a liberty interest).
 
 
 23
 Therefore, we conclude that West has no liberty interest in his classification, either through the Due Process Clause itself, see Moody, 429 U.S. at 88 n. 9, or through Arizona prison regulations which give prison officials wide discretion to change a classification, see Kentucky Dep't of Corrections, 490 U.S. at 463; see also Arizona Dep't of Corrections Classification Operating Manual, chap. 3(i) (July 1, 1992). Thus, the district court properly granted summary judgment for defendants on these claims. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) ("[S]weeping conclusory allegations will not suffice to prevent summary judgment").
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants contend that West failed to offer any evidence before the district court and thus his evidence is not properly before us. Our review of the record, however, indicates that West's "exhibits" were filed in the district court prior to the grant of summary judgment and are part of the record on appeal