**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50017 |
| Plaintiff - Appellee, | D.C. No. 3:06-CR-01712-L-1 |
| v. | |
| GUSTAVO ARAUJO-RIOS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California

Argued and Submitted March 1, 2010
Pasadena, California

Before:    CANBY and W. FLETCHER, Circuit Judges, and TUNHEIM, [**]
District Judge.

Gustavo Araujo-Rios appeals from the ten-month sentence imposed

following revocation of his supervised release.  We have jurisdiction pursuant to

28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John R. Tunheim, US District Judge for the District of Minnesota, sitting by designation.

Araujo-Rios contends that the district court erred by failing to advise him of his right under Federal Rule of Criminal Procedure 32.1(b)(2) to contest the allegations against him and have a hearing at which he could present evidence or question any adverse witness. We decline Araujo-Rios's invitation to read *United States v. Stocks*, 104 F.3d 308 (9th Cir. 1997), as requiring Rule 32.1(b)(2) advisements at his revocation hearing. *See United States v. Segal*, 549 F.2d 1293, 1298-1300 (9th Cir. 1977); *see also Bostic v. Carlson*, 884 F.2d 1267, 1272 (9th Cir. 1989) (noting that this court has refused to extend such procedural protections to proceedings less formal than state and federal criminal trials). Araujo-Rios was afforded his Rule 32.1(b)(2) rights. Araujo-Rios was given written notice of the allegations against him, in which the evidence against him was disclosed. He appeared at a revocation hearing, at which he was represented by counsel, and during which he had the opportunity to present evidence and question any adverse witness, though he declined to do so.

Araujo-Rios also contends that the district court erred by failing to: (1) calculate the Guideline range; (2) address the probation report's sentencing recommendation; (3) meaningfully address the 18 U.S.C § 3553(a) sentencing factors; and (4) provide any explanation for the sentence. The record indicates that

2

any error — if indeed there was error — did not affect Araujo-Rios's substantial rights. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

The government's motion for judicial notice is granted. *See* Fed. R. Evid. 201.

**AFFIRMED.**