FILED

AUG 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CION ADONIS PERALTA, | No. 08-56234 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-05270-JVS |
| v. | |
| D. HERMANS, M. HILL; R. CAMPBELL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted July 19, 2010[**]

Before:    B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

California state prisoner Cion Adonis Peralta appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

prison disciplinary action. We have jurisdiction under 28 U.S.C. § 2253[1], and we affirm.

Peralta contends that his due process rights were violated at the disciplinary hearing when he was precluded from calling staff and inmate witnesses and from cross-examining the testifying witness. Peralta also contends that his due process rights were violated when he was denied a mental health assessment prior to the disciplinary hearing.

The record reflects that Peralta received all process that was due and that some evidence supports the disciplinary findings. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *see also Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Contrary to Peralta's contentions, no due process violation resulted from the failure to call witnesses who could not provide any new relevant information or from the lack of the opportunity to cross-examine the testifying witness. *See Baxter v. Palmigiano*, 425 U.S. 308, 321 (1976); *see also Bostic v. Carlson*, 884 F.2d 1267, 1271-72 (9th Cir. 1989). Moreover, the prison official's determination that no mental health assessment was required was neither contrary to, nor involved an unreasonable application of, clearly established federal law, nor was

---

[1] We certify for appeal, on our own motion, the issue of whether Peralta's due process rights were violated at the disciplinary hearing where Peralta was found guilty of threatening staff.

the decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2).

**AFFIRMED.**