FILED

NOT FOR PUBLICATION

AUG 26 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLARENCE V. KNIGHT,

Petitioner - Appellant,

v.

M. S. EVANS,

Respondent - Appellee.

No. 09-15323

D.C. No. 4:05-cv-03670-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted August 10, 2010[**]

Before:    HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

California state prisoner Clarence V. Knight appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging the loss

of good time credits following prison disciplinary proceedings for possessing

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

inmate-manufactured weapons. We have jurisdiction under 28 U.S.C. § 2253,[1] and we affirm.

Knight contends that his due process rights were violated when he was denied the opportunity to call his cellmate as a witness at the prison disciplinary hearing. The California court's determination that the denial of this witness did not violate Knight's due process rights was not contrary to, or an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1); *see also Wolff v. McDonnell*, 418 U.S. 539, 566 (1974); *Bostic v. Carlson*, 884 F.2d 1267, 1273-74 (9th Cir. 1989).

Knight also contends that his due process rights were violated when he was denied the opportunity to present photographic evidence, pose questions to the hearing officer, call a staff member as a witness, and pose some of his questions to two adverse witnesses at the prison disciplinary hearing. The California court's denial of these claims was not an unreasonable application of clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1); *see also Wolff*, 418 U.S. at 566-68.

Finally, the California court's determination that sufficient evidence

_____

[1] We certify for appeal, on our own motion, the issue of whether the April 21, 2003 prison disciplinary hearing violated due process.

supported the disciplinary decision was not contrary to, or an unreasonable

application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1);

*see also Superintendent v. Hill*, 472 U.S. 445, 455-57 (1985).

**AFFIRMED.**