**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN TILLMAN, | No. 11-17121 |
| Petitioner - Appellant, | D.C. No. 1:11-cv-00453-GSA |
| v. | |
| H.A. RIOS, Jr., | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted May 15, 2012[***]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Federal prisoner Benjamin Tillman appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2241 habeas petition.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. Appellant. P. 34(a)(2).

Tillman first contends that the district court erroneously dismissed his claim that his procedural due process rights were violated with respect to the January 6, 2010 incident. We need not decide whether the district court properly concluded that this claim is not cognizable in habeas because the record shows that Tillman was afforded the minimal procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539, 563-68 (1974).

Second, Tillman contends that the Bureau of Prisons (BOP) violated a court order by seeking to have him pay a fine at a higher rate than was ordered by the sentencing court in order to participate in the Inmate Financial Responsibility Program (IFRP). This contention is foreclosed. *See United States v. Lemoine*, 546 F.3d 1042, 1050 (9th Cir. 2008) (it is "within the BOP's discretion to condition the receipt of privileges under the IFRP on [the inmate's] acceptance of the terms of its financial plan").

Third, Tillman contends that the January 7, 2010 incident report should be expunged because of substantive and procedural due process violations. The record reflects that Tillman was afforded the minimal procedural requirements of *Wolff* and that some evidence supports the disciplinary findings. *See Wolff*, 418 U.S. at 563-68; *see also Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

Fourth, Tillman contends that his due process rights were violated with respect to the February 2, 2006 incident report because he did not receive the report within 24 hours of the initial hearing and there was a delay in holding the hearing. The record reflects that Tillman was accorded the procedural protections required by *Wolff*.

Finally, Tillman contends that his due process rights were violated with respect to the July 9, 2010 incident because the BOP failed to specify which rule Tillman had violated. This contention is unpersuasive. *See Bostic v. Carlson*, 884 F.2d 1267, 1270-71 (9th Cir. 1989) (no due process violation as long as incident report provides inmate with functions of notice required by *Wolff*).

Tillman's request to remand to a different judge is denied.

**AFFIRMED.**