**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GILBERTO GARCIA MORALEZ, a.k.a. Heriberto Moralez, <br><br>     Petitioner - Appellant, <br><br>  v. <br><br> LOUIS WINN, <br><br>     Respondent - Appellee. | No. 14-15878 <br><br> D.C. No. 4:13-cv-00430-LAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Leslie Ann Bowman, Magistrate Judge, Presiding[**]

Submitted February 17, 2015[***]

Before:   O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

 Gilberto Garcia Moralez appeals, pro se, from the district court's judgment

dismissing his 28 U.S.C. § 2241 habeas corpus petition seeking an order expunging

---

 [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**]   The parties consented to proceed before a magistrate judge.

 [***]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an incident report and restoring his good conduct time and non-vested good time credit. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision to deny a section 2241 petition, *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008), and we affirm.

Moralez challenges the disciplinary hearing officer's ("DHO") finding that he engaged in disruptive conduct similar to stealing. He contends that he did not engage in prohibited conduct and that the proceedings violated his constitutional rights. The record reflects that the proper procedural safeguards were met and that "some evidence" supports the DHO findings. *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (requirements of due process are satisfied if "some evidence" supports the disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (setting forth due process requirements in prison disciplinary proceedings that implicate a liberty interest).

We reject as unsupported Moralez's contention that his rights under the Equal Protection Clause were violated. *See Bostic v. Carlson*, 884 F.2d 1267, 1271 (9th Cir. 1989).

**AFFIRMED.**