UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIN ACKERMAN,

      Plaintiff - Appellee,

  v.

GITTERE; et al.,

      Defendants - Appellants.

No. 23-2193

D.C. No.
3:20-cv-00337-MMD-CSD
District of Nevada,
Reno

ORDER

Before:  O'SCANNLAIN and SILVERMAN, Circuit Judges.[1]

The petition for rehearing (Docket Entry No. 46) is granted in part.  The memorandum disposition filed June 5, 2025 (Docket Entry Nos. 42, 48) is withdrawn and is replaced by a new memorandum disposition filed concurrently with this order.

The petition for rehearing en banc is denied as moot.  No further petitions for rehearing or rehearing en banc may be filed.

---

[1] Judge Wallace is unavailable to consider this petition but he has authorized Judges O'Scannlain and Silverman to proceed.

NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIN ACKERMAN,

Plaintiff - Appellee,

v.

GITTERE; REUBART; MOSKOFF;
DENNIS HOMAN; DZURENDA;
SANDOVAL; COOKE (SANDOVAL);
CHARLES DANIELS, NDOC Director;
BRIAN WILLIAMS Sr.,

Defendants - Appellants.

No. 23-2193

D.C. No.
3:20-cv-00337-MMD-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted October 8, 2025[**]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] Judge Wallace is unavailable to participate in the amendment of the panel's prior memorandum disposition but he has authorized Judges O'Scannlain and Silverman to proceed.

Defendants-Appellants, various Nevada Department of Corrections employees, appeal from the district court's denial of their motion for summary judgment on Defendants' qualified immunity defense and on Plaintiff Appellee Ackerman's due process and equal protection claims insofar as they preclude Defendants' qualified immunity defense.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision on motion for summary judgment. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). "Generally, an order denying summary judgment is not appealable under 28 U.S.C. § 1291 as the parties must wait for final judgment to appeal." *Melnik v. Dzurenda*, 14 F.4th 981, 984 (9th Cir. 2021), citing *Johnson v. Jones*, 515 U.S. 304, 309 (1995). However, denials of qualified immunity are appealable immediately under the collateral order doctrine. *Id.* at 985, citing *Plumhoff v. Rickard*, 572 U.S. 765, 772 (2014). This is because qualified immunity protects government employees from both liability and having to stand trial. If the appeal of the denial of qualified immunity is not permitted until the final judgment, "the immunity from standing trial will have been irretrievably lost." *Plumhoff*, 572 U.S. at 772.

We affirm in part, reverse in part, and remand.

The district court properly determined that the defendants are not entitled to qualified immunity on Ackerman's equal protection claims. We agree with the

district court that there are factual issues as to whether Defendants' continued segregation of Asian Pacific-Islander inmates and African American inmates was narrowly tailored to further the compelling government of prison security. *See Harrington v. Scriber*, 785 F.3d 1299, 1305 (9th Cir. 2015), citing *Johnson v. California*, 543 U.S. 499, 515 (2005). Indeed, it is unclear how long the segregation lasted and whether the hostilities justifying such segregation were ongoing. Accordingly, the district court correctly denied Defendants' motion for summary judgment on Ackerman's equal protection claims.

We disagree, though, with the district court's decision that the defendants are not entitled to qualified immunity on Ackerman's due process claims. Defendants Moskuff and Homan were entitled to qualified immunity for the procedural due process claims arising out of the disciplinary hearing. Violations of state regulations, alone, do not rise to the level of constitutional violations. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009); *see Case v. Kitsap Cnty. Sheriff's Dep't*, 249 F.3d 921, 929 (9th Cir. 2001) (explaining that we "focus on whether a reasonable officer would have known that" the conduct violated constitutional rights, rather than a state law or policy). Ackerman had no due process right to a preliminary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (holding that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings

3                                                      23-2193

does not apply"). Nor did due process require that the defendants serve a second notice on Ackerman before finding him guilty of a lesser charge of rioting. Even though the original notice charged Ackerman with murder for his actions during the riot, the notice described the factual situation that formed the basis of the conviction for rioting and provided sufficient information to allow Ackerman to defend against the lower charge. *Bostic v. Carlson*, 884 F.2d 1267, 1270-71 (9th Cir. 1989), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc).

Regarding Ackerman's due process claim in connection with his segregated housing, we are unable to determine the applicable due process requirements because the district court does not identify the protected interest at stake. *See, e.g., Wilkinson v. Austin,* 545 U.S. 209, 221 (2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."); *Sandin v. Connor*, 515 U.S. 472, 484-87 (1995) (states may create liberty interests entitled to protection, but these must inevitably affect the duration of the sentence, or impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life); *Hewitt v. Helms*, 459 U.S. 460, 472 (1983), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995), (describing requirements when prisoner is confined to ad-seg

pending investigation into misconduct charges and because he is a security threat); *Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022) (outlining two-step procedure for analysis of procedural due process claims). The record reflects that Ackerman received some housing review hearings, and we leave to the district court to determine in the first instance whether these were sufficient under *Johnson v. Ryan*.

We do not consider arguments and allegations raised for the first time on appeal. *See, e.g., Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Ind. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

**AFFIRMED in part; REVERSED in part; REMANDED.**